PEOPLE v LaPLAUNT

Docket No. 182801. Submitted May 14, 1996, at Marquette. Decided July 26, 1996, at 9:15 A.M.

Corey A. LaPlaunt was convicted by a jury in the Marquette Circuit Court, Raymond J. Jason, J., of possession with intent to deliver marijuana and attempting to furnish contraband to a prisoner. He was sentenced to six months' imprisonment for each conviction, with the sentences to run concurrently. The defendant appealed. While his appeal was pending, the defendant filed a motion for a new trial, pursuant to MCR 6.431(A)(3). The trial court denied the motion as being untimely.

The Court of Appeals *held*:

1. The defendant's motion for a new trial under MCR 6.431(A)(3) was untimely. The court rule applies only where a defendant has not yet filed a claim of appeal. Where, as here, a claim of appeal has been filed, MCR 6.431(A)(2) governs a motion for a new trial. Pursuant to MCR 6.431(A)(2), a postjudgment motion in the trial court is timely only if filed in accordance with MCR 7.208(B) or the remand procedure set forth in MCR 7.211(C)(1). The defendant did not file his motion for a new trial or motion to remand within the prescribed periods. However, under the circumstances, where the defendant did not learn of a prosecution witness' alleged recantation of his testimony within a sufficient time to allow him to directly move for a new trial and his error in pursuing the motion for a new trial without first requesting a remand foreclosed his opportunity to move for a new trial, to foreclose altogether the defendant's opportunity to bring his motion in the trial court would result in manifest injustice. The case must be remanded, pursuant to MCR 7.216(A)(5), to determine if a new trial is warranted on the basis of the alleged recantation.

2. The trial court did not clearly err in finding that there was no entrapment in this case.

Affirmed in part and remanded for consideration of the defendant's motion for a new trial based on the alleged recantation by the prosecution witness.

MOTIONS AND ORDERS — NEW TRIAL.

A defendant may bring a motion for a new trial in the trial court pursuant to MCR 6.431(A)(3) only where the defendant has not yet filed a claim of appeal; where a claim of appeal has been filed, MCR 6.431(A)(2) governs and provides that a postjudgment motion in the trial court is timely only if filed in accordance with MCR 7.208(B) or the remand procedure set forth in MCR 7.211(C)(1).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Gary L. Walker*, Prosecuting Attorney, and *Terrence E. Dean*, Assistant Prosecuting Attorney, for the people.

*David L. Poindexter*, for the defendant on appeal.

Before: HOOD, P.J., and MARKMAN and A. T. DAVIS,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of possession with intent to deliver marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), and attempting to furnish contraband to a prisoner, MCL 750.92; MSA 28.287; MCL 800.281(1); MSA 28.1621(1). He was sentenced to six months' imprisonment for each conviction, the sentences to run concurrently. He appeals as of right. We affirm in part and remand to the trial court to hear defendant's motion for a new trial based on the alleged recantation of testimony by a witness.

Before trial, defendant's motion to dismiss, based on a claim that he was entrapped, was denied. Defendant filed an application for leave to appeal, which this Court denied. At trial, a prison inmate testified on behalf of the prosecution that defendant, a prison guard, was attempting to supply him with

---

* Circuit judge, sitting on the Court of Appeals by assignment.

marijuana. This testimony was critical to defendant's conviction because the inmate provided the only testimony regarding intent. He testified that defendant went to the parking lot, where he was ultimately arrested, in order to pick up drugs from a person he believed was the inmate's girlfriend. The inmate further testified that defendant had agreed to bring the drugs to the inmate once he received them from the girlfriend. Without this testimony, the elements of intent to deliver marijuana and intent to supply the inmate with drugs could not have been proved by the prosecution.

Several months after sentencing, defendant and his wife received the first of numerous communications from the prison inmate. These communications led defendant to the conclusion that the inmate was recanting his testimony. Therefore, defendant moved for a new trial pursuant to MCR 6.431(A)(3). At the time defendant filed his motion, his appeal was pending in this Court. The trial court declined to hear the merits of the motion for a new trial, finding that it was untimely. On appeal, defendant challenges both the trial court's decision regarding the motion for a new trial and its decision regarding entrapment.

The first issue to be decided on appeal is whether the trial court should have heard defendant's motion for a new trial. We hold, as did the trial court, that defendant's motion was untimely. Defendant's motion was improperly brought pursuant to MCR 6.431(A)(3), because this court rule applies only where a defendant has not yet filed a claim of appeal.

Where a claim of appeal has been filed, MCR 6.431(A)(2) governs a criminal defendant's motion for a new trial. Pursuant to MCR 6.431(A)(2), a postjudg-

ment motion in the lower court is timely only if filed in accordance with MCR 7.208(B) or the remand procedure set forth in MCR 7.211(C)(1). Under MCR 7.208(B), defendant had only fifty-six days after the time for the filing of his appellate brief commenced, in this case April 25, 1995, to file his motion for a new trial. He did not file it until July 13, 1995; therefore, the motion for a new trial was untimely. Defendant also did not file a motion to remand by May 23, 1995, the applicable time as prescribed by MCR 7.211(C)(1).

Although the motion was untimely, defendant did not learn that the witness was recanting his testimony until April 24, 1995. Therefore, defendant could not have filed a timely motion for a new trial pursuant to MCR 6.431(A)(2). Defendant's counsel, however, should have filed a motion for remand when he learned of the alleged recantation. Such a motion could have been timely filed but by the time the trial court denied the motion for a new trial on September 8, 1995, it was also too late to file the motion to remand. Defendant was thus effectively foreclosed from pursuing his motion for a new trial after learning of the recantation.

It is the trial court's responsibility to determine whether a new trial should be granted on the basis of a witness' recantation of testimony. *People v Canter*, 197 Mich App 550, 560; 496 NW2d 336 (1992). To foreclose altogether defendant's opportunity to bring his motion in the trial court would result in manifest injustice in this case. Defendant did not learn of the recantation within a sufficient amount of time to allow him to directly move for a new trial and his error in pursuing the motion for a new trial without first requesting a remand foreclosed his opportunity

to make this motion. Under the circumstances, defendant should have some forum within which to proceed. We remand the case to the trial court, pursuant to MCR 7.216(A)(5), to determine if a new trial is warranted on the basis of the alleged recantation.

Defendant also appeals the lower court's denial of his pretrial motion regarding entrapment. Utilizing the test set out by the Supreme Court in *People v Juillet*, 439 Mich 34; 475 NW2d 786 (1991), the trial court found that the conduct of the police in this case would not have induced a normal, law-abiding person to commit a crime.[1] It further held that where there were no inducements, reliance on close relationships, threats, duress, intimidation, or coercion, there was no entrapment.

We hold that the trial court's finding of no entrapment was not clearly erroneous. The evidence indicated that the inmate voluntarily contacted the police to let them know that defendant had agreed to bring drugs into the prison. The police were not involved until after the deal was made. Defendant was a prison guard and had been accused by an inmate of collaborating with him to provide drugs. Defendant did not demonstrate that the police did anything improper in investigating these obviously serious allegations. We therefore affirm the trial court's decision that there was no entrapment.

---

[1] Concerning the vagaries of the test set forth by the Supreme Court for identifying entrapment in *Juillet*, see, generally, *People v Fabiano*, 192 Mich App 523; 482 NW2d 467 (1992), which discusses *Juillet, supra,* and *People v Jamieson*, 436 Mich 61; 461 NW2d 884 (1990). However, under any conception of the *Juillet*—or *Jamieson*—test, the trial court made a sufficient finding that no entrapment occurred in the instant case.

Affirmed in part and remanded for consideration of defendant's motion for a new trial based on the alleged recantation of the prison inmate. We do not retain jurisdiction.